UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---:|
| JAMES F. JOHNSON, III et al., | Plaintiffs, |
| v. | Civil Action No. 3:22-cv-82-DJH-CHL |
| OMAR N. VALENZUELA ACOSTA and MACER TRANSPORTATION, INC., | Defendants. |

\* \* \* \* \*

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant Omar N. Valenzuela Acosta, a truck driver for Defendant Macer Transportation, Inc., rear-ended Plaintiff James F. Johnson, III's car in May 2019 and allegedly injured Johnson and his three minor children, who were riding as passengers. (Docket No. 1-1, PageID # 8–9; D.N. 6, PageID # 46–47)  The Johnsons brought this action in Jefferson Circuit Court in March 2021, alleging that Acosta "was negligent in the operation of [his] motor vehicle" and that Macer was vicariously liable for the "negligent and careless conduct" of its employee.[1]  (D.N. 1-1, PageID # 8–9)  The defendants removed the case nearly eleven months later, invoking the Court's diversity jurisdiction.  (D.N. 1)  The plaintiffs now move for remand, arguing that the defendants' removal was untimely.  (D.N. 6)  For the reasons explained below, the plaintiffs' motion to remand will be granted.

**I.**

On May 29, 2019, Acosta, who was driving a tractor trailer for Macer, rear-ended Johnson's car on an interstate in Jefferson County, Kentucky.[2]  (D.N. 1-1, PageID # 8; D.N. 6,

---

[1] Johnson is suing on his own behalf and as the "father, natural guardian, and next friend" of his three minor children, J.J., D.J., and S.J. (D.N. 1-1, PageID # 7). *See* Fed. R. Civ. P. 17(c)(2).
[2] Because the factual allegations in the plaintiffs' state-court complaint are spare (*see* D.N. 1-1, PageID # 6–9), the details concerning the car crash at issue in this matter and the events leading

1

PageID # 46; D.N. 7, PageID # 66)  Johnson and his three minor children, who were passengers in the car, were allegedly injured in the collision and "immediately sought treatment at a local hospital."[3]  (D.N. 6, PageID # 46)  The three minors recovered relatively quickly, but Johnson claims that he "suffer[ed] a permanent hand injury that will require periodic injections for the foreseeable future and eventually a surgery." (*Id.*, PageID # 47)

The Johnsons sued Acosta and Macer in Jefferson Circuit Court in March 2021, asserting negligence and vicarious-liability claims.  (D.N. 1-1, PageID # 6–9)  On June 28, 2021, the plaintiffs sent a "detailed" settlement demand letter to the defendants' counsel, which included among other things "a description of [Johnson's] lengthy course of treatment" following the May 2019 collision; "an itemization" of the $16,623.88 in medical bills that he had accrued up to that point; and "copies of those bills and the related medical records." (D.N. 6, PageID # 47; *see* D.N. 6-2)  As is relevant here, the demand letter stated that in August 2020, Johnson's doctor had "offered the option of surgical intervention" to treat Johnson's injured hand.  (D.N. 6-2, PageID # 58)  The doctor had also "explained that [Johnson] will ultimately need a surgery [in] 20–30 years due to further deterioration [of his hand] caused by the crash . . . regardless of whether [Johnson] has surgery now." (*Id.*)  Johnson decided against surgery and elected instead to treat "the pain in his . . . hand" with periodic injections, which he plans to receive "indefinitely into the future."  (*Id.*, PageID # 58–59)  Given this past and future treatment, the plaintiffs' letter "extend[ed] a demand of $445,000.00 to resolve [Johnson's] claim (and his claim alone)" (*id.*,

---

up to this case's removal largely come from the plaintiffs' motion to remand and the defendants' response.  (*See* D.N. 6; D.N. 7)

[3] The defendants assert in their response, however, that according to the collision report, "there were no injuries reported at the scene" of the May 2019 crash.  (D.N. 7, PageID # 66)

PageID # 60), an amount the defendants deemed "exorbitant and not supported by the information available to [them] at the time." (D.N. 7, PageID # 69)

The parties scheduled a mediation for February 2022. (D.N. 1, PageID # 3; D.N. 6, PageID # 47) "[I]n preparation for [that] mediation," Johnson sent Acosta and Macer "an affidavit from his treating physician" on January 21, 2022, which, according to the defendants, "indicated that the arthritic condition in [Johnson's] hand was related to the [May 2019] accident, and that [Johnson] would need periodic injections to treat his condition, until such time as he had surgery, which would also reportedly be necessary as a result of the accident." (D.N. 1, PageID # 3) The defendants considered that affidavit to be the "first 'paper' which suggested the amount in controversy" in this matter "would exceed $75,000," and they removed the plaintiffs' case on February 11, 2022, invoking the Court's diversity jurisdiction.[4] (D.N. 1, PageID # 3; see D.N. 7, PageID # 70–71) Four days later, the plaintiffs filed their motion to remand, in which they argue that their case "was not removed in a timely fashion." (D.N. 6, PageID # 46) In response, the defendants contend that remand is not warranted because they "removed the case within 30 days of first obtaining documentation which provided competent proof that the amount in controversy would more likely than not exceed $75,000." (D.N. 7, PageID # 71) The plaintiffs replied (D.N. 8), and their motion is now ripe for adjudication.

## II.

A defendant seeking to remove a case to federal court ordinarily must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is

---

[4] The parties do not dispute that they are completely diverse. (See D.N. 1, PageID # 2; D.N. 1-1, PageID # 7)

based." 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable," the defendant must instead file a notice of removal "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3); *see Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 364 (6th Cir. 2015). In short, as the Sixth Circuit has put it, "the thirty-day period for removal begins to run when the initial pleading or a subsequent paper first provides 'solid and unambiguous information that the case is removable.'" *Forest Creek Townhomes, LLC v. Carroll Prop. Mgmt., LLC*, 695 F. App'x 908, 912 (6th Cir. 2017) (quoting *Berera*, 779 F.3d at 364); *see Berera*, 779 F.3d at 364 ("Section 1446(b)'s requirement of solid and unambiguous information is akin to actual notice.").

Here, it is undisputed that the "case stated by the [plaintiffs'] initial pleading [wa]s not removable." 28 U.S.C. § 1446(b)(3). The plaintiffs only assert state-law negligence claims. (*See* D.N. 1-1, PageID # 6–9) And although the parties are completely diverse, the plaintiffs' state-court complaint makes no mention of a damages amount or an amount in controversy.[5] (*See id.*) In their motion to remand, however, the plaintiffs argue that their June 28, 2021 settlement demand letter, in which they "extend[ed] a demand of $445,000" to resolve Johnson's claims (D.N. 6-2, PageID # 60), "unquestionably" established that the amount in controversy in this matter exceeded the $75,000 threshold for federal jurisdiction, *see* 28 U.S.C. § 1332(a), and therefore rendered this case "removable." (D.N. 6, PageID # 50) The dispositive issue here is thus whether that demand letter constituted an "other paper," 28 U.S.C. § 1446(b)(3), that provided the defendants with "solid and unambiguous information . . . that the amount in controversy exceeded $75,000." *Forest*

---

[5] Kentucky's Rules of Civil Procedure bar plaintiffs from demanding a specific sum as alleged damages in pleadings. *See* Ky. R. Civ. P. 8.01(2).

*Creek*, 695 F. App'x at 912.  If it did, as the plaintiffs maintain (*see* D.N. 6, PageID # 49–50), then the thirty-day removal window triggered by that "other paper" expired long before the defendants removed this case in February 2022.  *See Forest Creek*, 695 F. App'x at 912 (noting that the "thirty-day [removal] period" in that case "began when Defendants first had solid and unambiguous information" that the requirements for diversity jurisdiction had been met).  But if it did not, then removal here was likely timely: The defendants claim that the January 21, 2022 affidavit from Johnson's doctor (*see* D.N. 6-3) was the first "competent proof that the amount in controversy was likely to exceed $75,000," and they filed their notice of removal less than thirty days after receiving that document.  (D.N. 7, PageID # 71; *see* D.N. 1)

The Sixth Circuit "ha[s] yet to fully expound the meaning of 'other paper' under § 1446(b)(3)." *Berera*, 779 F.3d at 365.  But "[v]irtually every court that has considered the issue has held that settlement demand letters and other correspondence between parties may constitute 'other paper.'" *Mathes v. Burns*, No. 3:19-cv-751, 2019 WL 5394310, at *5 (M.D. Tenn. Oct. 22, 2019) (collecting cases); *see Hiser v. Seay*, No. 5:14-cv-170, 2014 WL 6885433, at *3 (W.D. Ky. Dec. 5, 2014) ("Courts have found that settlement offers and other correspondence between parties can constitute 'other paper' under [§ 1446(b)(3)]."); *Nagarajan v. Ostruskza*, No. 5:12-cv-91, 2012 WL 5077691, at *2 (W.D. Ky. Oct. 18, 2012) (observing that district courts in the Sixth Circuit and other federal courts "have accepted the notion that" settlement demand letters "are 'other paper' under [§ 1446(b)(3)]"); *see also* 14C Charles Allen Wright et al., *Federal Practice and Procedure* § 3731 (Rev. 4th ed. 2018) (noting that "correspondence between the parties and their attorneys or between the attorneys usually are accepted" by federal courts "as 'other papers,' receipt of which can initiate a 30-day period of removability").  Accordingly, a settlement demand letter can trigger § 1446(b)(3)'s thirty-day removal period if it "solid[ly] and unambiguous[ly]"

5

establishes that "a federal district court would have jurisdiction over the case." *Forest Creek*, 695 F. App'x at 912; *see Nagarajan*, 2012 WL 5077691, at *3 (concluding that a post-complaint settlement demand of $300,000 "clearly and unequivocally provided notice" that the amount in controversy exceeded the federal jurisdictional threshold and therefore triggered the thirty-day removal period under § 1446(b)(3)); *see also Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 760, 762 (5th Cir. 2000) (holding that a post-complaint letter "indicating that [the] plaintiff would seek damages exceeding the federal jurisdictional minimum" triggered the thirty-day removal period); *Nelson v. Diversified Logistics Servs., Inc.*, No. 4:20-cv-44, 2020 WL 3888177, at *3 (N.D. Ind. July 10, 2020) (concluding the same about a plaintiff's post-complaint settlement demand for more than $7 million). And removal is untimely if a defendant who receives such a settlement demand letter does not file a notice of removal within that thirty-day window. *See Nagarajan*, 2012 WL 5077691, at *3–*4 (remanding a case because the defendant failed to file a notice of removal within "thirty days after the latest date that [she] undisputedly had knowledge of" the plaintiff's $300,000 settlement demand); *see also Addo*, 230 F.3d at 762 (holding that "removal was improper" because the defendant failed to remove the case within thirty days of receiving a settlement demand letter for an amount greater than $75,000).

In light of these principles, the Court concludes that the plaintiffs' June 28, 2021 settlement demand letter was an "other paper" that provided the defendants with "solid and unambiguous information" that the amount in controversy here exceeded $75,000, *Forest Creek*, 695 F. App'x at 912, which in turn means that the defendants' February 11, 2022 removal was untimely. *See* 28 U.S.C. § 1446(b)(3). The June 28, 2021 letter "clearly and unequivocally provided notice" to the defendants that the plaintiffs estimated their case to be worth at least $445,000 (*see* D.N. 6-2, PageID # 60), a figure well in excess of the amount-in-controversy threshold for federal diversity

jurisdiction. *Nagarajan*, 2012 WL 5077691, at *3; *see LaPree v. Prudential Fin.*, 385 F. Supp. 2d 839, 850 (S.D. Iowa 2005) (concluding that settlement demands for more than $75,000 "provided the necessary affirmative proof that the [federal] jurisdictional amount was satisfied in accordance with 28 U.S.C. § 1446(b)"). The defendants were therefore required to file their notice of removal within thirty days of receiving the letter. 28 U.S.C. § 1446(b)(3); *see Forest Creek*, 695 F. App'x at 912. And their failure to do so necessitates remand. *See Nagarajan*, 2012 WL 5077691, at *3–*4; *see also Addo*, 230 F.3d at 762; *Nelson*, 2020 WL 3888177, at *3; *LaPree*, 385 F. Supp. 2d at 850.

The defendants argue in their response that the June 28, 2021 settlement demand letter did not trigger § 1446(b)(3)'s thirty-day removal period because the plaintiffs' proposed settlement amount "was exorbitant and not supported by the information available to [the] [d]efendants at the time [the settlement offer] was made." (D.N. 7, PageID # 69) But Acosta and Macer offer no authority in support of their suggestion that § 1446(b)(3)'s removal window is triggered only when a defendant deems a plaintiff's settlement demand reasonable and adequately supported. *See Santos-Tiller v. Krispy Kreme Doughnut Corp.*, No. 16-cv-10342, 2016 WL 4445429, at *3 (E.D. Mich. Aug. 24, 2016) (observing that "several circuits have held that a [plaintiff's] settlement demand 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim'" (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008))); *see also Addo*, 230 F.3d at 762 (suggesting that a settlement demand letter fails to trigger the removal window only if the demand is "plainly a sham"). And far from being arbitrary or ungrounded as the defendants suggest, the plaintiffs' $445,000 settlement demand was accompanied by a detailed, multi-page summary of the medical treatment and diagnoses Johnson

7

received after the May 2019 crash and thus clearly reflected the plaintiffs' estimation of the cost of his past and future treatment. (D.N. 6-2, PageID # 56–60)

The defendants also argue that the removal period began only after they received the January 21, 2022 affidavit from Johnson's doctor because that document "confirm[ed]" for the first time that Johnson's ongoing injections and expected surgery were "causally related to [the May 2019] accident" and thus provided the first "competent proof that the amount in controversy was likely to exceed $75,000." (D.N. 7, PageID # 71) But the June 28, 2021 settlement demand letter had already indicated that Johnson's medical treatment was necessitated by the May 2019 crash. Indeed, the letter expressly stated that the same doctor who provided the January 21, 2022 affidavit had previously confirmed that Johnson would need surgery in the future "due to [the] further deterioration" of his hand "*caused by the crash*," and the letter also noted that the "periodic injections" that Johnson will receive "indefinitely" are likewise "*due to the crash*." (D.N. 6-2, PageID # 58, 60 (emphasis added)) Accordingly, if, as the defendants contend, this case became removable when they learned that Johnson's medical treatment was "being directly attributed to the [May 2019] accident" (D.N. 7, PageID # 71), then they were required to file their notice of removal within thirty days of receiving that particular information for the first time. *See Forest Creek*, 695 F. App'x at 912 ("We have stated that the thirty-day period for removal begins to run when . . . a subsequent paper first provides 'solid and unambiguous information that the case is removable.'"). And according to the record here, that information was clearly conveyed to the defendants via the plaintiffs' June 28, 2021 demand letter. (*See* D.N. 6-2, PageID # 58, 60)

In sum, the June 28, 2021 settlement demand letter was an "other paper from which it [could] first be ascertained" that this case was one which "ha[d] become removable." 28 U.S.C. § 1446(b)(3). The defendants were thus required to file their notice of removal within thirty days

8

of receiving it.  *See id.*; *see also Forest Creek*, 695 F. App'x at 912.  And because they did not do so, the plaintiffs' motion to remand must be granted.  *See Nagarajan*, 2012 WL 5077691, at *4; *see also Addo*, 230 F.3d at 762.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that the plaintiffs' motion to remand (D.N. 6) is **GRANTED**.  This case is **REMANDED** to Jefferson Circuit Court and **STRICKEN** from the Court's active docket.

May 18, 2022

David J. Hale, Judge
United States District Court